UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO VILLEGAS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>RONALD RACKLEY,<br><br>　　　　　　Respondent. | No. 2:15cv0090-KJM-CMK-P<br><br><br>ORDER AND<br><br>ORDER TO SHOW CAUSE |

　　　　Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

　　　　On May 6, 2015, the magistrate judge filed findings and recommendations, which were served on petitioner and which contained notice that petitioner may file objections within fourteen days. On June 1, 2015, petitioner filed a motion for extension of time to file his objections. ECF No. 6. Although the motion is untimely, the court has considered petitioner's objections.

/////

---

[1] Petitioner's motion was delivered to prison officials for mailing on May 28, 2015, ECF No. 6, which is the operative date for determining the timeliness of his motion. *See Houston v. Lack*, 487 U.S. 266 (1988).

1

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. The magistrate judge recommends summary dismissal of the petition under the rule announced in *Swarthout v. Cooke*, 562 U.S. 216, 131 S.Ct. 859 (2011). After review of the record and petitioner's objections, the court will require a response from respondent to the questions presented in this order.

In relevant part, petitioner claims that his due process rights were violated at a 2014 parole hearing. At the hearing, petitioner was denied parole for a period of five years. ECF No. 1 at 116. Petitioner claims that the hearing was fundamentally unfair because the decision of the parole board was based in substantial part on the Board's erroneous finding that petitioner had been incarcerated for fourteen years at the time of the hearing when he had in fact been incarcerated for twenty-four years. *See, e.g.,* ECF No. 1 at 17, 19, 24; ECF No. 1-1 at 106, 108; ECF No. 7 at 6. Petitioner states that the fourteen years was the time he was past his minimum eligible parole date (MEPD). *See* ECF No. 7 at 5. In his objections, petitioner argues he is not claiming "he has a right to early parole," nor is he relying on the "some evidence" standard made inapplicable in federal habeas cases by the decision in *Swarthout*. *Id.* Rather, he seeks a fair hearing free of the effect of the Board's error.

The transcript of the hearing shows that it was clear in the record before the Board that petitioner's commitment offense was committed in 1990. *See*, *e.g.*, ECF No. 1-1 at 4, 54, 100-101. It is equally clear that in its decision the Board found petitioner had committed the crime "less than 14 years" before the hearing and had "only been in prison for about 13 years." ECF No. 1-1 at 106, 108. Good cause appearing, respondent will be directed to show cause in writing, if any he has, why petitioner is not entitled to a new parole consideration hearing and decision free of the clearly erroneous finding in the Board's 2014 decision.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an extension of time to file objections (Doc. 6) is granted;
2. The Clerk of the Court shall serve a copy of this order, a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, a copy of

the May 6, 2015 findings and recommendations, ECF No. 5, and a copy of petitioner's objections, ECF No. 7, on Michael Patrick Farrell, Senior Assistant Attorney General; and

3. Within twenty-one days from the date of this order respondent shall file and serve a response to this order.

DATED: November 16, 2015.

_____
UNITED STATES DISTRICT JUDGE