UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO VILLEGAS, | No.  2:15-cv-0090 KJM CMK P |
| Petitioner, | |
| v. | ORDER |
| RONALD RACKLEY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Petitioner claims his due process rights were violated at a 2014 parole hearing when he was denied parole for a period of five years.  In relevant part, petitioner claims the 2014 hearing was fundamentally unfair because the denial was based in substantial part on an erroneous finding that petitioner had been incarcerated for fourteen years at the time of the hearing, when he had in fact been incarcerated for twenty-four years.  *See* ECF No. 8 at 2 and citations to the record therein.  Petitioner seeks relief in the form of an order requiring the Board to conduct a fair hearing free of the effect of the Board's error.  ECF No. 8 at 2.

On May 6, 2015, the magistrate judge filed findings and recommendations recommending summary dismissal of the petition.  ECF No. 8.  By order filed November 17, 2015, this court

1

1   declined to adopt the findings and recommendations.  ECF No. 8.  Instead, the court directed the
2   Clerk of the Court to serve a copy of the petition, the findings and recommendations, and
3   petitioner's objections, on respondent and directed respondent to show cause in writing why
4   petitioner is not entitled to a new parole consideration hearing free from the clearly erroneous
5   finding in the Board's decision.  ECF No. 8.  Respondent has filed a response to the order to show
6   cause, ECF No. 10, and petitioner has filed a reply, ECF No. 13.

7          Following submission of this matter, the United States Court of Appeals for the Ninth
8   Circuit held that unless a state prisoner's claim lies "at 'the core of habeas corpus,' . . . it may not
9   be brought in  habeas corpus but must be brought, 'if at all,' under § 1983."  *Nettles v. Grounds*, -
10  ___ F.3d ___, 2016 WL 4072465, slip op. at 6 (9th Cir. 2016) (en banc).  Claims that lie in the
11  "core of habeas corpus" are those that, if successful, would "necessarily lead to . . . immediate or
12  earlier release from confinement."  *Id.* at 9.  Were petitioner to succeed on his claim, the only
13  relief he would obtain through this action is an earlier parole hearing free from the effects of the
14  2014 Board panel member's erroneous statements, which would not necessarily lead to his
15  immediate or earlier release on parole.  Accordingly, this court lacks jurisdiction over this action.

16          The *Nettles* court outlined criteria for converting a habeas corpus petition into a civil
17  rights action:  "'If the complaint is amenable to conversion on its face, meaning that it names the
18  correct defendants and seeks the correct relief, the court may recharacterize the petition so long as
19  it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for
20  the litigant to withdraw or amend his or her complaint.'"  *Id.* at 10 (quoting *Glaus v. Anderson*,
21  408 F.3d 382, 388 (7th Cir. 2005)).  Here, the petition is not amenable to conversion on its face,
22  as it names the Warden of Folsom State Prison as the sole respondent and the prayer for relief is
23  for "relief to which [petitioner] may be entitled in this proceeding."  ECF No. 1 at 1, 6.

24          It appears petitioner has received the relief sought by this action.  With the response,
25  respondent presents evidence that on June 11, 2015, petitioner petitioned the Board of Parole
26  Hearings to advance his next parole hearing.  ECF No. 10-1.  Petitioner presented several grounds
27  in support of his parole board petition, including the error that is the basis of the claim before this
28  court.  ECF No. 10-1 at 2, 4-5.  On July 14, 2015, the petition was approved and his next parole

1  suitability hearing was advanced from five years to three years. ECF No. 10-1 at 64. According
2  to respondent, this means petitioner will have his next parole hearing in February 2017. ECF
3  No. 10 at 6. Petitioner acknowledges the grant, but contends that "[b]ecause of the BPH
4  scheduling, there is no guarantee that Petitioner will have his hearing when the Board say [sic] he
5  will." ECF No. 13 at 7-8. The three year deferral is the minimum deferral period for petitioner,
6  given his commitment offense of second degree murder. *See Gilman v. Brown*, 814 F.3d 1007,
7  1010 (9th Cir. 2016). Moreover, it is evident from the petition to advance and the Board's
8  decision to grant the petition that (1) the asserted error is now clear in the record before the
9  Board; and (2) the 2014 parole denial was based on multiple factors. ECF No. 10-1 at 2, 4-5, 64.
10 Thus, it appears petitioner has obtained from his petition to advance all the relief to which he
11 might have been entitled in this action.

12     For the foregoing reasons, this action will be dismissed for lack of jurisdiction. Rule 11 of
13 the Rules Governing Section 2254 Cases in the United States District Courts requires this court to
14 "issue or a deny a certificate of appealability when it enters a final order adverse to the applicant."
15 Rule 11, 28 U.S.C. foll. § 2254. Where the petition is dismissed on procedural grounds, a
16 certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason
17 would find it debatable whether the district court was correct in its procedural ruling'; and
18 (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the
19 denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting
20 *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court must either issue a certificate of
21 appealability indicating which issues satisfy the required showing or must state the reasons why
22 such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in this order,
23 jurists of reason would not find it debatable that the court lacks habeas corpus jurisdiction over
24 this petition or that the petition should be converted to a civil rights action. Accordingly, the
25 court will not issue a certificate of appealability.
26 /////
27 /////
28 /////

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. This action is dismissed for lack of jurisdiction;
2. The court declines to issue a certificate of appealability; and
3. The Clerk of the Court is directed to close this case.

DATED: September 28, 2016.

_____
UNITED STATES DISTRICT JUDGE